UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JACINTO GARCIA,

     Plaintiff,

-against-

VISTA ON 5th CORP. and NICOLE
ATANASIO,

     Defendants.

-------------------------------------------------------X

Case No.:

**COMPLAINT**

**Jury Demand**

Plaintiff JACINTO GARCIA ("Plaintiff"), by and through his attorneys, Sacco & Fillas LLP,

allege as follows against VISTA ON 5th CORP. ("Corporate Defendant" or "the Company,") and

NICOLE ATANASIO ("Individual Defendant") (Corporate Defendant and Individual Defendant

are collectively "Defendants"):

<b>JURISDICTION AND VENUE</b>

1.   This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 et seq. (Fair

Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal

question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by

28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that

they form part of the same case or controversy under Article III of the United States Constitution.

2.   As the unlawful practices complained of herein occurred within the Southern District

of New York, venue is proper within this district pursuant to 28 U.S.C. §1391 (b).

<b>NATURE OF THE ACTION</b>

3.   Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto; and

(b) pursuant to the NYLL (§ 650 et seq.) and the New York Commissioner of Labor's Wage Order

(the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 et seq., based upon Defendants' failure to pay

1

overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week.

4. Defendants knowingly violated Plaintiff's rights under federal and state laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically injured.

5. Damages and other legal relief are sought pursuant to the FLSA and NYLL.

## **PARTIES**

### *Plaintiff*

6. Plaintiff resides in New York City.

7. Plaintiff was employed by Defendants as a building maintenance worker within the last six (6) years.

### *Defendants*

8. Defendants operate a large assisted-living apartment building located at 1261 5th Ave, New York, NY 10029.

9. Defendants employ 15 or more employees.

10. At all relevant times hereto, Defendants have continuously been doing business in the State of New York and have continuously employed more than four (4) people, and accordingly are "employers" within the definition under State Law.

11. Upon information and belief, at all times relevant hereto, Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

12. Upon information and belief, at all relevant times hereto, Corporate Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production

2

of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

13.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

14.     At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

15.     Plaintiff routinely handled goods which had travelled within or been produced by interstate commerce in the course of his work, such as tools and building materials.

16.     Upon information and belief, Individual Defendant resides in the State of New York and is an owner, manager, and/or employee of the Corporate Defendant.

17.     Individual Defendant is a natural person engaged in business in the State of New York, and is sued individually in her capacity as an owner, agent, employee or officer of the Corporate Defendant.

18.     Upon information and belief, Individual Defendant is the CEO of Corporate Defendant.

19.     Individual Defendant made the decision to hire Plaintiff, controlled his schedule and rate of pay, and had the power to terminate Plaintiff at all relevant times.

20.     Individual Defendant supervised Plaintiff and had the power to assign work tasks to him.

21.     Upon information and belief, Individual Defendant maintained payroll records on behalf of Corporate Defendant.

**22.**     Individual Defendant exercised control over the terms and conditions of Plaintiff's employment, including but not limited to controlling his hours, pay rate, and work assignments.

**DEFENDANTS' WAGE AND HOUR VIOLATIONS**

23. Plaintiff has worked for Defendants since July 2017.

24. Plaintiff was initially hired as a porter, working at minimum wage and receiving overtime pay for all hours worked beyond 40.

25. In or around summer 2019, Plaintiff was promoted to housekeeping supervisor, making the same wage as he did as a porter.

26. Plaintiff was then promoted again in or around summer 2020 to superintendent for the building, receiving a set salary each week.

27. Defendants have failed to pay Plaintiff properly while he has been employed as a superintendent.

28. Though Plaintiff was scheduled to work eight hours per day, five days per week, for a total of 40 hours, he actually worked between 55 and 60 hours per week due to the demanding and unpredictable workload involved in maintaining over 120 apartments.

29. Plaintiff's responsibilities included performing maintenance work.

30. Plaintiff largely performed manual labor, and he was responsible for turning apartments over between tenants. The vast majority of his daily work included physical labor, such as painting, replacing sheetrock and tile, patching walls and ceilings, and occasionally some roof work.

31. Plaintiff was also on call to respond to emergencies in the building, frequently necessitating that he work outside of his scheduled hours.

32. For example, Plaintiff worked cleaning floors until 9:10 p.m. on October 5, 2023.

33. Plaintiff worked past 5:00 p.m. on a masonry project on May 30, 2022.

34. Plaintiff also worked past 5:00 p.m. on January 15, 2022, processing packages which had arrived at Defendants' property.

35. Plaintiff was never able to take a regular break.

4

36.    For this work, the Company compensated Plaintiff at a flat rate of $1,192.31 per week, or $29.80 per hour.

37.    Plaintiff therefore should have been paid at a rate of $44.70, one and a half times his regular rate, for all hours beyond 40 that he worked each week.

38.    Defendants did not pay Plaintiff at a rate of one and a half times his standard rate for all hours he worked above 40 in a week.

39.    The Company failed to compensate Plaintiff for any hours he worked beyond 40 per week at all.

## FIRST CAUSE OF ACTION
### (FLSA Overtime Wage Violations)

40.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

41.    Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

42.    At all relevant times hereto, Defendant has had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

43.    At all relevant times, each Defendant was an "employer" as defined in 29 U.S.C. § 203.

44.    At all relevant times, Plaintiff was an "employee" as defined in 29 U.S.C. § 203.

45.    At all relevant times, each Defendant was engaged in commerce or in the production of goods or commerce as defined in 29 U.S.C. § 203, 206 and 207.

46.    Plaintiff is a covered individual within the meaning of the FLSA under 29 U.S.C. § 203, 206 and 207.

47. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

48. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

49. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

50. As a result of each violation of the FLSA, Plaintiff suffered damages in amounts to be determined at trial and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

51. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

52. Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
#### (NYLL Overtime Wage Violations)

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

55. At all relevant times hereto, Defendant has had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

56.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§ 2, 650, and 651 et seq. and the supporting New York State Department of Labor Regulations.

57.     Defendant knowingly and willfully violated Plaintiff's rights by failing to pay all lawful wages for all hours worked.

58.     Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

a. **Economic Damages**: Award Plaintiff full compensation for all economic losses incurred as a result of Defendants' unlawful conduct, including but not limited to his unpaid overtime wages;

b. **Liquidated Damages**: Award liquidated damages under applicable laws, including the FLSA and NYLL, for Defendants' violations of wage and hour regulations;

c. **Attorneys' Fees and Costs**: Award Plaintiff reasonable attorneys' fees, costs, and disbursements incurred in prosecuting this action, as permitted by the FLSA and NYLL.

d. **Pre- and Post-Judgment Interest**: Award Plaintiff pre- and post-judgment interest on all sums awarded, as permitted by law.

e.  **Injunctive Relief**: Grant injunctive relief requiring Defendants to cease their unlawful employment practices and ensure compliance with the FLSA and NYLL.

f.  **Further Relief**: Grant such other and further relief as the Court deems just, equitable, and proper.

Dated: Astoria, New York                    SACCO & FILLAS, LLP
January 17, 2024

By: _____

Madeline Howard, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2251
Fax: 718-559-6517
mhoward@saccofillas.com
*Attorneys for Plaintiff*

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER**

**LIABILITY FOR SERVICES RENDERED**

TO: VISTA ON 5th CORP.

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of VISTA ON 5th CORP. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York
          January 17, 2025

SACCO & FILLAS LLP

By: _____/s/ *Madeline Howard*_____
     Madeline Howard, Esq.
     3119 Newtown Ave, Seventh Floor
     Astoria, NY 11102
     Tel: 718-269-2251
     Fax: 718-559-6517
     mhoward@saccofillas.com
     *Attorneys for Plaintiffs*

9

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: VISTA ON 5th CORP.

PLEASE TAKE NOTICE that Plaintiff, who intends to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as a laborer, servant and/or employee of the above corporations for services performed by him for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who has expressly authorized the undersigned, as his attorney, to make this demand on his behalf,

HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York
        January 17, 2025

SACCO & FILLAS LLP

By: _____/s/ Madeline Howard_____
    Madeline Howard, Esq.
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2251
    Fax: 718-559-6517
    mhoward@saccofillas.com
    *Attorneys for Plaintiffs*

10