**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JACINTO GARCIA,<br><br>                    *Plaintiff*,<br><br>v.<br><br>VISTA ON 5th CORP. and NICOLE<br>ATANASIO,<br><br>                    *Defendants*. | Civil Action No. 1:25-cv-00494 |

**ANSWER, SEPARATE DEFENSES, DESIGNATIONOF TRIAL
COUNSEL, AND DEMAND FOR STATEMENT OF DAMAGES**

Defendants Vista on 5th Corp. and Nicole Atanasio, having offices at 1261 Fifth Avenue, New York, New York 10029, by their attorneys Gordon Rees Scully Mansukhani LLP, in answer to the Complaint of plaintiff Jacinto Garcia, depose and say:

**JURISDICTION AND VENUE**

1.      Except to state that the Complaint speaks for itself, Defendants make no answer to the allegations contained in Paragraph 1 inasmuch as they assert a conclusion of law to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in Paragraph 1.

2.      Except to deny that they engaged in any unlawful practices and admit that Vista on 5th does business in Manhattan, Defendants make no answer to the allegations contained in Paragraph 2 inasmuch as they assert a conclusion of law to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in Paragraph 2.

1

### NATURE OF THE ACTION

3.      With respect to the allegations contained in Paragraph 3, Defendants: (a) deny that Plaintiff was legally entitled to overtime compensation; (b) deny that Plaintiff worked the hours he has alleged; and (c) aver that, except to say that the Complaint speaks for itself, they make no answer to the allegations contained in Paragraph 3, inasmuch as they assert a conclusion of law to which no response is necessary. To the extent a response is required, Defendants deny any inference of wrongdoing or other liability.

4.      Defendants deny the allegations contained in Paragraph 4.

**5.**      Because the allegations contained in Paragraph 5 assert a conclusion of law to which no response is necessary, Defendants make no answer thereto, except to deny any inference of liability.

### PARTIES

### PLAINTIFF

6.      Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 6.

7.      Defendants admit the allegations contained in Paragraph 7.

### DEFENDANTS

8.      With respect to the allegations contained in Paragraph 8, Defendants aver that Vista on 5th – and not defendant Atanasio – operates the building in question.

9.      Defendants admit the allegations contained in Paragraph 9.

10.      With respect to the allegations contained in Paragraph 10, Defendants: (a) admit that Vista on 5th has done business in the State of New York and has employed more than four individuals, including defendant Atanasio; (b) deny that defendant Atanasio operates a business in

New York State or elsewhere except in her capacity as an employee of Vista on 5th, or that she has ever had any employees; and (c) make no answer to the allegation that they are employers within the meaning of applicable law of the State of New York, since this allegation requires them to affirm a conclusion of law, to which no response is necessary.

11.    Defendants deny the allegations contained in Paragraph 11.

12.    Except to deny that it does business in interstate commerce (which allegation, moreover, entails a conclusion of law to which no answer is necessary), Defendants admit the remaining allegations contained in Paragraph 12.

13.    Defendants make no answer to the allegations contained in Paragraph 13, inasmuch as they assert a conclusion of law to which no response is necessary.

14.    Defendants make no answer to the allegations contained in Paragraph 14, inasmuch as they assert a conclusion of law to which no response is necessary.

15.    Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 15.

16.    With respect to the allegations contained in Paragraph 16, Defendants: (a) admit that defendant Atanasio resides in the State of New York; and (b) aver that she has been an employee of Vista on 5th at all times relevant hereto – and no more than that.

17.    With respect to the allegations contained in Paragraph 17, Defendants: (a) deny that defendant Atanasio is personally engaged in a business; (b) aver that she works in the State of New York as an employee and officer of Vista on 5th; and (c) make no answer to the allegations that purport to describe the capacity in which she is being sued, since this allegation requires Defendants to affirm a conclusion of law.

18.    Defendants admit the allegations contained in Paragraph 18.

19.     With respect to the allegations contained in Paragraph 19, Defendants aver that Vista on 5th and not Atanasio hired Plaintiff, that the corporation alone set his schedule, and that it controlled his pay.

20.     Except to aver that defendant Atanasio was not Plaintiff's direct supervisor, Defendants admit the allegations contained in Paragraph 20.

21.     Since employees other than defendant Atanasio made and kept payroll records, Defendants deny the allegations contained in Paragraph 21.

22.     Because Vista on 5th controlled the terms and conditions of Plaintiff's employment, Defendants deny the allegations contained in Paragraph 22.

### DEFENDANT' ALLEGED WAGE AND HOUR VIOLATIONS

23.     Except to state that Vista on 5th was Plaintiff's employer, Defendants admit the allegations contained in Paragraph 23, insofar as they refer to his date of hire.

24.     Defendants admit the allegations contained in Paragraph 24.

25.     Defendants admit the allegations contained in Paragraph 25.

26.     Except to state that Plaintiff became the building superintendent in or about October 2019, Defendants admit the allegations contained in Paragraph 26

27.     Defendants deny the allegations contained in Paragraph 27.

28.     Defendants deny the allegations contained in Paragraph 28.

29.     Except that Plaintiff performed many duties other than maintenance work, Defendants admit the allegations contained in Paragraph 29.

30.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 32.

33.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 34

35.     Defendants deny the allegations contained in Paragraph 35.

36.     Because Plaintiff also received a rent-free apartment as part of his compensation package, Defendants deny the allegations contained in Paragraph 36.

37.     Defendants deny the allegations contained in Paragraph 37.

38.     Because Defendants were not legally obligated to compensate Plaintiff at the specified rate, they admit the allegations contained in Paragraph 38.

39.     Because Defendants were not legally obligated to compensate Plaintiff at the specified rate, they admit the allegations contained in Paragraph 39.

### FIRST COUNT

40.     Defendants repeat the allegations contained in Paragraphs 1 through 39 of their Answer as though set forth at length herein.

41.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 41.

42.     Defendants deny the allegations contained in Paragraph 42.

43. Because the allegations contained in Paragraph 43 require Defendants to draw a conclusion of law, they make no answer thereto, except to deny any inference of liability.

44. Because the allegations contained in Paragraph 44 require Defendants to draw a conclusion of law, they make no answer thereto, except to deny any inference of liability.

45. Because the allegations contained in Paragraph 45 require Defendants to draw a conclusion of law, they make no answer thereto, except to deny any inference of liability.

46. Because the allegations contained in Paragraph 46 require Defendants to draw a conclusion of law, they make no answer thereto, except to deny any inference of liability.

47. Because the allegations contained in Paragraph 47 require Defendants to draw a conclusion of law, they make no answer thereto, except to deny any inference of liability.

48. Defendants admit that Vista on 5th – and only this defendant – had business operations that yielded more than $500,000 per year.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Because the Complaint speaks for itself with respect to the relief Plaintiff is seeking in this matter, Defendants make no answer to the allegations contained in Paragraph 52, except to deny any inference of liability or other wrongdoing.

## SECOND COUNT

53. Defendants repeat the allegations contained in Paragraphs 1 through 52 of their Answer as though set forth at length herein.

54. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 54.

55.     Defendants deny the allegations contained in Paragraph 55.

56.     Because the allegations contained in Paragraph 56 require Defendants to draw a conclusion of law, they make no answer thereto, except to deny any inference of liability.

57.     Defendants deny the allegations contained in Paragraph 57.

58.     Because the Complaint speaks for itself with respect to the relief Plaintiff is seeking in this matter, Defendants make no answer to the allegations contained in Paragraph 58, except to deny any inference of liability or other wrongdoing.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has been lawfully compensated for all hours of work he performed.

### THIRD SEPARATE DEFENSE

The Complaint fails to plead a prima facie claim for overtime compensation, whether under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, the New York Labor Law ("NYLL"), N.Y. LAB. L. § 1, *et seq.*, or both.

### FOURTH SEPARATE DEFENSE

Defendant was exempt from overtime compensation pursuant to the exemptions established by the FLSA and, in turn, the NYLL.

### FIFTH SEPARATE DEFENSE

Since Plaintiff lived on-site and in the building where he worked, was the designated Building Superintendent, and was the only such employee there, he was exempt from overtime

7

under Section 141-1.4 of the Minimum Wage Order for the Building Services Industry, N.Y. COMP. CODES R. & REGS. Title 12, § 141–3.4.

### SIXTH SEPARATE DEFENSE

Defendants have made reasonable, good-faith efforts to comply with the law.

### SEVENTH SEPARATE DEFENSE

Plaintiff's alleged damages must be barred or limited pursuant to the doctrine of offset.

### EIGHTH SEPARATE DEFENSE

Some or all of the relief demanded in the Complaint is barred by operation of the statute of limitations.

### NINTH SEPARATE DEFENSE

Any violation of the FLSA, the NYLL, or both, was inadvertent, unintentional, and without any plan or design to evade the law, such that Plaintiff may not recover liquidated damages in this matter.

### TENTH SEPARATE DEFENSE

The Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

### ELEVENTH SEPARATE DEFENSE

Defendant Nicole Atanasio was not an employer within the meaning of the FLSA, the NYLL, or both; has no individual liability in this matter; and has been improperly joined as a party hereto.

### DESIGNATION OF TRIAL COUNSEL

Douglas E. Motzenbecker is hereby designated as trial counsel in this matter.

8

<u>**DEMAND FOR STATEMENT OF DAMAGES**</u>

Defendants hereby demand that plaintiff Jacinto Garcia serve a true and complete statement of his damages within five days of service hereof.

WHEREFORE, Defendants Vista on 5th Corp. and Nicole Atanasio request that judgment be entered in their favor as follows:

(a)     That Plaintiff take nothing by way of his Complaint;

(b)     That the Complaint be dismissed with prejudice, and with reasonable attorneys' fees and costs taxed in favor Defendants; and

(c)     For such other and further relief as the Court deems just and proper.

Dated: April 16, 2025                          Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP
*Attorneys for Defendants Vista on 5th Corp. and Nicole Atanasio.*

By: <u>*s/ Douglas E. Motzenbecker*</u>
Douglas E. Motzenbecker
One Battery Park Plaza – 28th Floor
New York, New York 10004
Telephone: 1-212-269-5500
Facsimile:  1-212-269-5505
Email: dmotzenbecker@grsm.com

9