**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JACINTO GARCIA,<br><br>*Plaintiff,*<br><br>v.<br><br>VISTA ON 5TH CORPORATION and NICOLE ATANASIO,<br><br>*Defendants.* | Civil Action No.:<br>1:25-cv-00494-ALG-GS |

## CONSENT JUDGMENT AND ORDER

Plaintiff Jacinto Garcia ("Garcia") has filed a Complaint against Defendants Vista on 5th Corporation and Nicole Atanasio ("Defendants") in the above-referenced matter (the "Action"). Defendants and Garcia have agreed to resolve all matters in controversy in the Action, and the Parties hereto hereby consent to the entry of a Judgment and Order by this Court in accordance herewith.

1. Garcia alleges that he was employed by Vista in various capacities beginning in or about October 2017 and that Vista failed to compensate him properly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), N.Y. LAB. L. § 1, *et seq.*,

2. Defendants have denied the material allegations of the Complaint and asserted various separate defenses in respect of the Complaint.

3. The Parties have engaged in mediation and agreed to settle all claims on the terms set forth in a Settlement Agreement and Release executed by the Parties (the "Settlement Agreement"), a copy of which has been submitted to the Court.

**Accordingly, it is ORDERED, ADJUDGED, AND DECREED that:**

1. **Court Jurisdiction and Approval.**

   1.1. The Court has jurisdiction over the Parties and the subject matter of this Action.

   1.2. The Court hereby retains jurisdiction over the Action for purposes of supervising and, if necessary, enforcing the within settlement.

   1.3. The Court approves the Settlement Agreement and finds that it resolves all claims brought or that could have been brought in this Action.

2. **Payment terms.** The Parties have reached a settlement, the payment terms of which are as follows:

   2.1. Vista will pay Garcia and his counsel the total amount of $120,000.00, in accordance with the

1

schedule in Section 1 of the Settlement Agreement, attached hereto as Exhibit A.

2.2. The Initial Payment of $20,000.00 to Garcia's counsel will be made within thirty (30) calendar days of the Court's entry of this Consent Judgment.

2.3. The remaining $100,000.00 will be paid in twenty (20) consecutive monthly installments of $5,000.00 each, commencing on the fifth business day of the first month after the Initial Payment.

2.4. A five-day grace period will apply to each Monthly Payment. If a Monthly Payment is not received within the grace period, an additional $2,500.00 (the "Enhanced Payment") will be added as liquidated damages under the FLSA and NYLL, which were previously waived as part of the Settlement Agreement. This Enhanced Payment is intended to compensate Plaintiff for delayed payment and is not a penalty.

2.5. The first ten Monthly Payments will be subject to lawful payroll withholding and reported on W-2 forms; all remaining payments and any Enhanced Payments will be reported on 1099 forms, as provided in the Settlement Agreement.

2.6. Plaintiff and his attorneys have provided executed W-4 and W-9 forms as a condition precedent to entry of this Consent Order.

3. **Default and Enforcement.**

3.1. If Vista fails to make three or more Monthly Payments (whether consecutive or non-consecutive) on time and in full, Garcia may serve a written Notice of Default and declare all remaining amounts immediately due and payable. Notice of Default shall be delivered by electronic mail and overnight hard copy mail to defense counsel of record listed in Paragraph 24 of the Settlement Agreement, which will deemed received upon electronic transmission and proof of delivery of the written notice of default. For purposes of enforcement, "Vista" will include any successors or assigns of Vista on 5th Corporation, including but not limited to any entity that acquires, merges with, or otherwise succeeds to its interests or obligations, whether by name change, merger, consolidation, reorganization, sale, or transfer of assets. The remaining amounts will be increased by a 1.4x multiplier as liquidated damages under the FLSA and NYLL, which were previously waived as part of the Settlement Agreement. This multiplier is intended to compensate Plaintiff for delayed payment and is not a penalty. If Garcia must retain counsel to enforce any provision of the Settlement Agreement or this Consent Judgment, Vista will be responsible for all reasonable attorneys' fees and costs incurred solely in connection with such enforcement.

No individual, including Nicole Atanasio and any current or former officers, directors, employees, agents, or executive staff of Vista on 5th Corporation, shall have any personal liability for any obligation under this Consent Judgment or the Settlement Agreement; enforcement is limited to Vista on 5th Corporation and any successor entity(ies).

4. **Release of Claims**

4.1. Upon Vista's full compliance with the Settlement Agreement, Garcia fully and unconditionally releases Vista on 5th Corporation, its successors and assigns, and all Released

2

Parties of and from all claims described in Section 2 of the Settlement Agreement. In the event of a default as defined in Section 3, Garcia may enforce this Consent Judgment against Vista on 5th Corporation, its successors and assigns, to the fullest extent permitted by law.

5. **Retention of Jurisdiction**

   5.1. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment and the Settlement Agreement. This retention of jurisdiction is consistent with *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

6. **Miscellaneous**

   6.1. **No Individual Liability**. This Judgment may not be enforced against any individual, including Nicole Atanasio or any officer or executive of Vista on 5th Corporation, in their individual capacities. Enforcement is limited to Vista on 5th Corporation and any successor entities.

   6.2. Each Party will bear its own attorneys' fees and costs, except as otherwise provided in Section 3.1 above.

   6.3. Except as modified herein, all other terms of the Settlement Agreement remain binding and enforceable.

   So ORDERED this _____10_____ day of ____February____, 2026.

   _____

   **Gary Stein**
   **United States Magistate Judge**
   **Southern District of New York**